UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMMY BURGOS, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RESURGENT CAPITAL SERVICES, L.P.; LVNV FUNDING, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, SAMMY BURGOS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, RESURGENT CAPITAL SERVICES, L.P. ("RESURGENT); LVNV FUNDING, LLC ("LVNV"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. RESURGENT maintains a location at 55 Beattie Place, Suite 400, Greenville, South Carolina 29601.

8. LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615.

9. Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from RESURGENT concerning a debt owned by LVNV, which originated with CHASE BANK USA, N.A. and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to August 30, 2016, Plaintiff allegedly incurred a financial obligation to CHASE BANK USA, N.A. ("CHASE").

16. The CHASE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CHASE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. CHASE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. At some time prior to August 30, 2016, the CHASE obligation was purchased by and/or sold to LVNV.

20. At the time the CHASE obligation was purchased by and/or sold to LVNV, the obligation was in default.

21. On or before August 30, 2016, LVNV referred the CHASE obligation to RESURGENT for the purpose of collections.

22. At the time LVNV referred the CHASE obligation to RESURGENT, the obligation was past due.

23. At the time LVNV referred the CHASE obligation to RESURGENT, the obligation was in default.

24. Defendants caused to be delivered to Plaintiff a letter dated August 30, 2016, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25. The August 30, 2016 letter was sent to Plaintiff in connection with the collection of the CHASE obligation.

26. The August 30, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the August 30, 2016 letter.

28. The August 30, 2016 letter provides the following information regarding the balance claimed due on the CHASE obligation:

> Balance: $10,735.90

29. The August 30, 2016 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

30. The outstanding balance claimed to be due by Defendants on the CHASE obligation as of August 30, 2016 includes an amount for interest.

31. The August 30, 2016 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

32. The outstanding balance claimed to be due by Defendants on the CHASE obligation as of August 30, 2016 includes at least $260.42 as interest.

33. The outstanding balance claimed to be due by Defendants on the CHASE obligation as of August 30, 2016 includes an amount for costs and/or fees.

34. The August 30, 2016 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

35. The outstanding balance claimed to be due by Defendants on the CHASE obligation as of August 30, 2016 includes at least $39.00 as costs and/or fees.

36. At all times relevant to this matter, RESURGENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

37. At all times relevant to this matter, RESURGENT has not held a license issued by the New Jersey Department of Banking and Insurance.

38. At all times relevant to this matter, RESURGENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

39. At all times relevant to this matter, LVNV has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

40. At all times relevant to this matter, LVNV has not held a license issued by the New Jersey Department of Banking and Insurance.

41. At all times relevant to this matter, LVNV has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

42. Upon information and belief, CHASE held a license with the New Jersey Department of Banking and Insurance at all relevant times herein.

43. At no time was RESURGENT authorized to charge or add interest to Plaintiff's account.

44. At no time was RESURGENT authorized to collect interest on Plaintiff's account.

45. At no time was RESURGENT authorized to collect on Plaintiff's account.

46. At no time was LVNV authorized to charge or add interest to Plaintiff's account.

47. At no time was LVNV authorized to collect interest on Plaintiff's account.

48. At no time was LVNV authorized to collect on Plaintiff's account.

49. RESURGENT was not permitted by law to add interest, late charges or other charges to the balance of the CHASE obligation.

50. LVNV was not permitted by law to add interest, late charges or other charges to the balance of the CHASE obligation.

51. As RESURGENT did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CHASE obligation.

52. As LVNV did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CHASE obligation.

### POLICIES AND PRACTICES COMPLAINED OF

53. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and
>
> (d) Making a false representation of the character or amount of the debt.

54. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

55. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

56. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

57. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

58. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

59. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

60. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs.

61. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the debt.

62. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CHASE obligation included an amount for interest and an amount for costs and/or fees.

67. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

68. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the August 30, 2016 letter.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs and/or fees in the balance stated in the August 30, 2016 letter.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the CHASE obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

73. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

74. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

75. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

77. Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

78. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

79. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: August 10, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 10, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

Ste 110 MS576
55 Beattie Place
Greenville, SC 29601

**RESURGENT**
*Capital Services*

SEP 0 6 2016

Toll Free Phone: 1-866-464-1187
Toll Free Fax:    1-866-467-0960
http://www.resurgent.com/

*Hours of Operation*
9AM-6PM EST Monday - Thursday
8AM-4PM EST Friday

August 30, 2016

Original Creditor: Chase Bank USA, N.A.
Current Owner: LVNV Funding LLC
Account Number:   ************1448
Balance: $10,735.90

VERACS-CS-1       2 MB    *A-03-NAP-BM-00002-3

SAMMY BURGOS



Dear Sammy Burgos:

This account has been placed with Resurgent Capital Services L.P.

Please find the enclosed Account Summary which provides verification of the debt.

If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

For your convenience, you may submit your payment online at **www.rcspay.com**.

You may also send your payment to the address listed below:

Resurgent Capital Services L.P.
PO Box 10466, MS 576
Greenville, SC 29603

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

Enclosure

## INFORMATION REGARDING YOUR LEGAL RIGHTS

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION.

RCCS

# PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

042616

SEE THE FOLLOWING PAGE FOR IMPORTANT CONSUMER INFORMATION.